IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA, )
)
)
)
Plaintiff/Respondent, )
) Criminal Case No. 1:05-CR-249
v. )
)
)
WAYNE ALLEN BEAHM, )
)
Defendant/Petitioner. )
)

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Wayne Allen Beahm's ("Defendant") Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b) to reopen a prior § 2255 petition.

On June 9, 2005, Defendant pleaded guilty to one count of conspiracy to distribute oxycodone, in violation of 21 U.S.C. § 841. At Defendant's sentencing on July 20, 2007, the Court found that Defendant had: (1) previously been convicted of murder and sentenced to twenty years' imprisonment on September 22, 1975, in Page County Circuit Court, Luray, Virginia; and (2) previously been convicted of conspiracy to commit arson and sentenced to three years' imprisonment on November 26, 1990, in Page County Circuit Court, Luray Virginia. As such, the Defendant qualified as a career offender, which subjected him to

a sentence enhancement. The Court sentenced Defendant to 240 months of imprisonment.

On June 25, 2016, Defendant filed a § 2255 motion for the Court to "correct his sentence." He argued that under <u>Johnson v. United States</u>, 134 S. Ct 2251 (2015), he was "no longer a career offender because his conspiracy conviction no longer qualifies as a career offender 'crime of violence.'" On March 29, 2017, the United States moved to dismiss Defendant's § 2255 motion as meritless and untimely. On April 21, 2017, Defendant filed a pro se Amended Motion to Correct Sentence Under 28 U.S.C § 2255, claiming the PSR from 2005 had been "prepared incorrectly and fraudulently" as new evidence shows that the methamphetamine offense noted in the PSR could not have been a predicate for his career offender classification.

On June 9, 2017, the Court issued an Order, denying Defendant's petition for relief pursuant to § 2255 and holding that Defendant was not entitled to habeas relief because his § 2255 motion was untimely. The Court also considered the substance of Defendant's arguments and found that the Supreme Court had explicitly rejected the void-for-vagueness argument raised by Defendant. On July 14, 2017, Defendant moved to reopen his prior § 2255 proceeding, arguing that the Court inadvertently failed to consider whether he was improperly

sentenced under the career-offender guideline based on a dismissed drug charge.

Under 28 U.S.C. § 2255, a defendant may attack his sentence or conviction on the grounds that it was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; see also Hill v. United States, 368 U.S. 424, 426-27 (1962). The defendant bears the burden of proving the grounds for relief by a preponderance of the evidence. Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967).

Defendant's present motion argues that he is entitled to relief under Rule 60(b) of the Federal Rules Procedure. He contends there was a procedural defect in the Court's consideration and order denying his § 2255 motion dated June 25, 2016, by failing to consider his Amended Motion to Correct Sentence dated April 21, 2017.

Federal Rule of Civil Procedure 60(b) does not provide defendant any relief. Federal Rule of Civil procedure 60(b) provides that after a motion and on just terms, a court may grant a party relief "from a final judgement, order, or proceeding for the following reasons: (1) mistake, inadvertence . . .; or (6) any other reason that justifies relief." Fed. R.

3

Civ. P. 60(b). Defendant argues that his Rule 60(b) motion should be considered as a challenge to the Court's inadvertent failure to reach the merits of a drug claim rather than be considered as a second or successive claim.

Here, the record is clear that this case does not involve the requisite "extraordinary circumstances" justifying relief pursuant to Rule 60(b). As noted by the Supreme Court, "satisfaction of this standard will rarely occur in the habeas context." Gonzalez v. United States, 545 U.S. 524, 535 (2005). The Fourth Circuit has also held that an erroneous "career offender designation [that] may have affected the ultimate sentence imposed" does not constitute "exceptional circumstances" when the defendant has been sentenced to a term "within statutory limits," as Defendant was. Thus, Rule 60(b) does not entitle Defendant to the relief he seeks and his motion should be denied.

Alternatively, if the Court construed Defendant's Motion for Reconsideration and a second motion for relief pursuant to § 2255, Defendant still is not entitled to relief. To obtain any other relief under § 2255, Defendant must show that "the sentence was imposed in violation of the Constitution or laws of the United States. . . was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." § 2255(a)(b).

A second or successive § 2255 motion cannot be filed unless a defendant previously obtained authorization from the Court of Appeals. § 2255(h). The Court of Appeals must certify that the second or successive motion contains: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Id.

Here, Defendant did not receive or even attempt to receive certification from the Fourth Circuit. Furthermore, Defendant does not raise any ground for allowing him to file a second or successive motion applies. Although Defendant filed his self-styled "amendment" before the Court ruled on his § 2255 motion, rather than as a "second" or "successive" § 2255 motion, that does not change the analysis. Defendant only raised his state drug charge after the Supreme Court's decision in Beckles v. United States, which made it clear that Defendant could not succeed on the void-for-vagueness argument raised in his first § 2255 petition. But a defendant seeking habeas corpus relief "cannot be permitted to thwart the limitations on the filing of second or successive motions by withdrawing his petition as soon

5

as it becomes evident that the district court is going to dismiss it on the merits." Felder v. McVicar, 113 F.3d 696, 698 (7th Cir. 1997). Thus, Defendant's attempt to change the grounds for his original § 2255 petition does not entitle him to relief.

An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
August  18 , 2017