IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) ) | |
| v. | ) ) ) | Criminal No. 1:05-CR-249 |
| WAYNE ALLEN BEAHM, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Defendant's Emergency Motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) or, in the alternative, a non-binding recommendation for home confinement pursuant to 18 U.S.C. § 3624(c).

On June, 9, 2005, Defendant pleaded guilty to one count of Conspiracy to Distribute Oxycodone, in violation of 21 U.S.C. §§ 841(a)(1) and 846. After failing to appear for his original sentencing hearing and remaining at large for nearly 18 months, on July, 20, 2007, this Court sentenced Defendant to the statutory maximum of 240 months of imprisonment. He is incarcerated at Federal Correctional Institute (FCI) Beckley.

On March 30, 2020, Defendant filed a request for compassionate release with the Warden of his prison facility, making a general argument for clemency based on his infraction-free disciplinary record and age. On April 23, 2020, Defendant received one letter

from the Warden and another letter from someone on his behalf informing Defendant that his compassionate release request had been denied. On May 12, 2020, Defendant filed an administrative appeal focusing on his susceptibility to COVID-19 in prison in light of several health conditions. On May 27, 2020, Defendant filed the instant motion for compassionate release arguing he was particularly vulnerable and susceptible to COVID-19. He also claimed to have submitted another compassionate release request to the Warden on April 16, 2020, raising COVID-19 as a specific concern. On July 10, 2020, the Government filed an opposition to which Defendant responded on July 20, 2020.

Having reviewed the arguments and the applicable law, the Court finds that Defendant has not provided an extraordinary and compelling reason for release as required by 18 U.S.C. § 3582(c)(1)(A)(i).

The relevant provision for the compassionate relief claim states:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering

>   the factors set forth in section 3553(a) to the extent they are applicable, if it finds that—
>
>   (i) extraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C. § 3582(c).

The plain language of the statute provides that the Court "may not modify" a sentence "except" when a defendant files a motion "after" either all appeals under the Bureau of Prisons (BOP) are "fully exhausted" or "30 days" have lapsed since the warden received the defendant's request. 18 U.S.C. § 3582(c). Such statutory language imposes a mandatory exhaustion requirement when no provision for an exception has been made. See, e.g., Ross v. Blake, 136 S.Ct. 1850 (2016); see also United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) (declining to remand to the district court because the lack of exhaustion "present[ed] a glaring roadblock foreclosing compassionate release at this point."). The purpose of the statutorily-mandated exhaustion period is clear: to provide BOP with the first opportunity to evaluate a prisoner's request. Congress determined that BOP, not the Court, is better positioned to first evaluate a defendant's request and consider whether modification of a term of imprisonment is appropriate.

The parties disagree as to whether Defendant has fulfilled the procedural requirements under 18 U.S.C. § 3582(c)(1)(A). The Government argues that because Defendant's compassionate release request to the Warden on March 30, 2020, did not provide COVID-19

3

as a rationale, whereas the instant motion does, that request should not count towards the 30 day exhaustion assessment. The Government also disputes Defendant's claim that he submitted another compassionate release request citing COVID-19 on April 16, 2020, because BOP has been unable to locate such a request in its records. Instead the Government argues the earliest date at which Defendant raised COVID-19 as a reason for compassionate release was on May 12, 2020, in an administrative appeal. That was only 15 days before the instant motion was filed on May 27, 2020, which would render the motion procedurally inadequate.

Defendant, on the other hand, presents circumstantial evidence in support of his claim that he submitted a request citing COVID-19 on April 16, 2020. In the alternative, he suggests his original March 30, 2020 request is valid for exhaustion purposes because he interprets § 3582(c)(1)(A) to allow the stated rationale in a compassionate relief request before BOP to differ from that raised in a subsequent compassionate release motion before a court. The Court need not resolve this issue, however, because Defendant has not provided "extraordinary and compelling reasons" for a term reduction in light of COVID-19. 18 U.S.C. § 3582(c)(1)(A)(i).

Courts have consulted the Sentencing Commission's policy statements to determine what constitutes extraordinary and compelling reasons for compassionate release. See United States v. Feiling, No. 3:19cr112, 2020 WL 1821457, at *7 (E.D. Va. Apr. 10,

2020). According to the Sentencing Commission, extraordinary and compelling reasons for release include the defendant's medical condition. U.S.S.G. § 1B1.13, cmt. n.1. The defendant must be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). When deciding whether COVID-19 presents an extraordinary and compelling reason for release, courts have found that defendants must show both a "particularized susceptibility" to COVID-19 and a "particularized risk" of contracting COVID-19. United States v. White, No. 2:07CR150, 2020 WL 1906845, at *1 n.2 (E.D. Va. Apr. 17, 2020) (quoting Feiling, 2020 WL 1821457 at *7).

As the Government acknowledges, Defendant is particularly susceptible to COVID-19. His medical records confirm that he suffers from type II diabetes. According to the Centers for Disease Control and Prevention, such a condition places him at high risk for severe illness if he were to contract COVID-19.

Nevertheless, the Court finds that Defendant does not face a particularized risk of contracting COVID-19 in his prison facility. To date, there has not been a single confirmed case of COVID-19 at FCI Beckley according to BOP. Defendant cites nationwide trends in prison cases as evidence of the particularized risk he faces, but that misunderstands the relevant inquiry in

5

this analysis. Defendant's particularized risk must be supported by evidence of an actual outbreak in his facility, not simply the theoretical possibility of COVID-19 spreading to his confines. See Raia, 954 F.3d at 597 ("[T]he mere existence of COVID-19 in society . . . cannot independently justify compassionate release[.]"); see also Feiling, 2020 WL 1821457 at *7 (finding no particularized risk for defendant at prison with no confirmed cases of COVID-19). Furthermore, BOP has instituted numerous measures to contain the spread of COVID-19 within prisons. These measures include limiting access to prisons, restricting prisoner movements within prisons, using screening and testing, educating inmates and staff on preventing the spread of disease, providing masks and hand cleaners, and separating ill inmates.

Even if Defendant had provided an extraordinary and compelling reason for release based on COVID-19, it is unclear how his release would mitigate the existing health risks he faces. Courts have required defendants to establish whether "release on home confinement presents a viable alternative sentence." See, e.g., Feiling, 2020 WL 1821457 at *8. The viability of release depends on its "risks to Defendant's health, the health of his family and public safety." Id.

Under Defendant's current release plan, he would first be housed at the Winchester Rescue Mission, a local emergency shelter that can sleep up to 32 men. While the Mission provides an

6

invaluable service, it is not evident it will be able to lower Defendant's current risk of contracting COVID-19. Given the Mission's commitment to serve those in need, it is understandable that its shower and laundry facilities are open to the public, and that its residents share restrooms and sleeping quarters. However, for purposes of social distancing, these living circumstances are less than ideal. While similar limitations may apply to FCI Beckley, it is not clear that one living situation has an advantage over the other in containing the spread of COVID-19. Defendant argues that the shelter is safer because its maximum number of residents is substantially less than that at his cell block. Nevertheless, without more information on the relative spacing, size, and distancing procedures of both facilities, the Court is in no position to make such an inference. As the party seeking relief and with no statutory guidance otherwise, Defendant bears the burden to prove that he is entitled to compassionate release. See Schaffer ex rel. Schaffer v. Weast, 546 U.S. 49, 56-57 (2005). Therefore, Defendant has not adequately demonstrated the viability of his release plan.

Under these circumstances, Defendant has not provided extraordinary or compelling reasons for compassionate release as required by § 3582(c)(1)(A)(i). With regards to Defendant's request for a non-binding recommendation for home confinement, the Court finds that BOP is better positioned to determine whether

home confinement is appropriate during this time-sensitive, rapidly evolving pandemic.

For the foregoing reasons, this Court concludes that Defendant's Emergency Motion for compassionate release should be denied. An appropriate order shall issue.

*Claude M. Hilton*
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
~~July ___, 2020~~
Aug. 5, 2020

8